Estate of Wrobetz
Decided Jan. 8, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 2N

IN THE MATTER OF THE ESTATE
OF LAWRENCE S. WROBETZ, Deceased.

APPEAL FROM:   The District Court of the Tenth Judicial District,

In and for the County of Fergus,

Honorable Byron Robb, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Great Falls, Montana

For Respondent:

James J. Screnar and William A. Bartlett, Angel,

Screnar, Coil, Bartlett and Fay, Bozeman, Montana

Great Falls, Montana

Submitted on Briefs:  December 11, 1997

Decided:  January 8, 1998

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by the Court.

¶2   Larry L. Wrobetz appeals from the judgment of the Tenth Judicial District Court, Fergus County, accepting a proposed distribution and final accounting of the Lawrence S. Wrobetz Estate.  We affirm.

¶3   Larry raises the following issues on appeal:

¶4   1.   Did the District Court err in accepting the final accounting of the Estate?

¶5   2.   Did the District Court err in accepting Lawrence Wrobetz's 1972 will as the basis for probate?

## BACKGROUND

¶6   Lawrence Wrobetz died in 1992 in Lewistown, Montana. Lawrence's children, Clifford Wrobetz, Larry Wrobetz, Donald Wrobetz, and Barbara Wrobetz Tornow, met to discuss his will.  At the meeting, Larry stated that Lawrence's property was to be distributed according to the terms of a 1992 will.

¶7   Clifford petitioned for appointment of personal representative, determination of heirs, and determination of whether Lawrence's 1972 will was valid.  Following a jury trial, the court determined that Lawrence was incompetent when he signed the 1992 will, that Larry unduly influenced Lawrence into signing the 1992 will, and that Lawrence's 1972 will was valid.

¶8   Clifford was appointed personal representative of the Estate under the 1972 will, which was admitted to probate.  On August 5, 1996, Clifford petitioned for approval of final account, determination of heirs, and for settlement and distribution of a testate estate, for approval of sale, for attorney fees, and

instruments of distribution.  Larry objected to the proposed final accounting and distribution.

¶9  Following a hearing, the District Court issued findings and conclusions approving the final accounting with modifications, the instruments of distribution, and fees.  In its modifications, the court adjusted Larry's distribution and the appraised value of 360 acres of real property being distributed to Clifford, Donald, and Barbara.  Larry appeals from the judgment incorporating the court s modifications.

### DISCUSSION

¶10  1.  Did the District Court err in accepting the final accounting of the Estate?

¶11  We review a district court's findings of fact to determine whether the findings are clearly erroneous.  Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.  We  review a court's conclusions of law to determine whether they are correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶12  On appeal, Larry argues the District Court erred when it approved the final accounting because Clifford did not file a full and accurate inventory of the Estate's property and failed to obtain the services of a disinterested person in determining the fair market value of the property as required by Sec. 72-3-607, MCA.

¶13  The District Court made extensive findings of fact and took judicial notice of the previous record of the court files concerning the Estate of Lawrence S. Wrobetz, Wrobetz v. Wrobetz and LSW Trust, and Estate of Irene M. Wrobetz.  The court found Larry was "simply not a credible or believable witness[.]"  The court explained that Clifford's task of having every item of estate property viewed and appraised was made next to impossible by Larry's actions, and the cost of doing so would have been considerable and would have imposed a risk for anyone going on Larry's property.  Finally, the court noted that Larry "is in no position to complain, as one who requests relief from a court of

equity must come into court with clean hands."

¶14  Clifford, Donald, and Barbara prepared a list of the property they knew their father possessed.   Lawrence's major property, including 360 acres and a house, was appraised.  Other property, such as cattle and farm machinery, was valued based on the price it would bring in the industry.  Clifford valued other miscellaneous items by making an inventory with Donald and Barbara from memory and taking the lowest figure that they assigned for each item.  In light of the circumstances, the District Court did not err by relying on these valuations.

¶15  The District Court fully reviewed the parties' previous legal proceedings and pleadings and carefully drafted its findings and conclusions.  We conclude the District Court's findings are not clearly erroneous and its conclusions of law are correct.

¶16  2.   Did the District Court err in accepting Lawrence Wrobetz's 1972 will as the basis for probate?

¶17  Larry challenges the District Court's May 13, 1994, judgment declaring the validity of his father's 1972 will.  On May 24, 1994, Larry appealed the judgment in this matter.  He failed to prosecute that appeal, and this Court dismissed it by order dated December 20, 1994.

¶18  Rule 12, M.R.App.P., provides: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."  The order dismissing Larry's appeal contained no express provision that the appeal was dismissed without prejudice.  Therefore, Larry's second issue is barred under Rule 12, M.R.App.P.

¶19  Finally, Larry asks that the Estate's personal representative be removed.  We decline to address this issue because it has been raised for the first time on appeal.  See Cenex v. Board of Com rs for Yellowstone (Mont. 1997), 941 P.2d 964, 968.

¶20  Affirmed.

/S/  J. A.  TURNAGE

We concur:

/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  WILLIAM E. HUNT, SR.